UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Trial By Jury Is Demanded

----------------------------------X

Jack Israel,

Plaintiff,

-against-

Timothy F. Geithner, Secretary, Department of the Treasury,

Defendant.

----------------------------------X

Case No. CV12-346
Vitaliano, J.
Gold, M.J.

AMENDED COMPLAINT

Plaintiff, Jack Israel, by their attorneys, Law Offices of Edward C. Kramer, P.C., complaining of the Defendant, alleges as follows:

As and for a First Claim for Relief, Plaintiff Alleges as Follows:

1. Plaintiff is a resident of the State of New York, County of Nassau and has been an employee of the Internal Revenue Service since 1975.

2. Upon information and belief, Defendant is the Secretary of the Department of the Treasury of the United States and is the properly named defendant in this action.

3. This court has original jurisdiction under the provisions of 28 U.S.C. Section 1331, in that this action is based upon a statute of the United States.

4. This court has proper venue of the action under the provisions of 28 U.S.C. Section 1391(b) and (e), since the events underlying this action took place in Nassau County and the Plaintiff resides in Nassau County.

5. As a revenue agent, Plaintiff became a large case coordinator in or about 1986 and at all times mentioned was and is a GS-13 revenue agent at the Garden City, New York post of duty.

6. In or about 2007, Plaintiff was 55 years old and had over thirty years of service with the Internal Revenue Service, thus making him eligible to retire and, also, a member of a class protected by the Age Discrimination in Employment Act.

7. In or about 2007, Plaintiff applied for a certain Grade 14 Senior CEP Team Coordinator position with a post of duty at Garden City, New York (hereinafter referred to as the "Position").

8. Despite being the most qualified applicant, Plaintiff was denied the position.

9. Upon information and belief, the selecting official stated to Plaintiff's union representative on or about October 9, 2007 that Mr. Israel was ready to retire and she was not going to pick someone that is ready to retire.

10. In her written depositions, the selecting official did not deny making such statement to the union representative.

11. The selecting official stated in written depositions the following:

> "As to the complainant's statement about Jack Israel's comment that I supposedly made to George Greenberg about Jack, I do not recall having a conversation with George with respect to Jack Israel."
>
> "I do not recall having any such conversation about Jack Israel with Mr. Greenberg."

12. The selecting official admitted, in sworn testimony, at an administrative hearing, that she caused the deduction of one point from three of the five on the Best Qualified list, the list of candidates to be considered for the position, including the Plaintiff.

13. Such one point deduction was improper and the selecting official had no authority to make such deduction.

14. The selecting official admitted, in sworn testimony, at an administrative hearing, that without the one point deduction from Israel and others, the Selectee, the person who received the Position, would not have been on the Best Qualified list and would not have been eligible for the Position.

15. Upon information and belief, the same selecting official never promoted a revenue agent who was eligible to retire, unless

that revenue agent was the only applicant for the position.

16. Upon information and belief, the revenue agent chosen for the Position was not eligible to retire and was several years younger than Plaintiff.

17. Upon information and belief, the revenue agent chosen for the Position was ineligible for the position and was incorrectly and wrongfully placed on the best qualified list, a condition precedent to being chosen for the Position.

18. Upon information and belief, the selecting official purposefully and wilfully placed the revenue agent chosen for the Position on the best qualified list and manipulated such list, knowing that such person was ineligible and was previously excluded from such list by a reviewing panel.

19. Upon information and belief, the selecting official caused scores to be altered and changed, without good and valid reason, in order to promote such individual rather than the Plaintiff.

20. Such actions on the part of the selecting official were purposeful, malicious, intentional, criminal and done in bad faith and otherwise served as a fraud upon the Plaintiff.

21. By reason of the foregoing, Plaintiff was denied the Position or was denied the opportunity to be chosen for the Position and such constituted an adverse employment action.

22. By reason of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, as amended by the Age Discrimination in Employment Act of 1967.

23. As a result of the foregoing, Plaintiff has incurred damages, including but not limited to, increased pay, increased pension benefits, and attorneys' fees.

24. Plaintiff is entitled to legal fees by statute.

25. Plaintiff brought an EEOC proceeding, which was denied and which appeal was denied on or about October 19, 2011, which order was received by Plaintiff on or about October 28, 2011.

26. Accordingly, Plaintiff is entitled to damages in an amount to be determined by the trier of fact, credit with respect to Plaintiff's pension calculations for a retroactive increase and prospective increase in his salary and for punitive damages in the sum of $750,000, with interest.

WHEREFORE, Plaintiffs demand judgment for damages in an amount to be determined by the trier of fact, credit with respect to Plaintiff's pension calculations for a retroactive increase and prospective increase in his salary, attorneys' fees by statute and for punitive damages in the sum of $750,000, and for

the interest, costs, disbursement and reasonable attorneys' fees of this action.

Trial By Jury Is Demanded.

Law Offices of Edward C. Kramer, P.C.

By:________________________
Edward C. Kramer (8411)
(A principal of the firm)

Attorneys for Plaintiff
Office and Post Office Address
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 490-1616