UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JACK ISRAEL,  :
 :
                Plaintiff,  :
 :    ORDER
    -against-  :
 :    1:12-CV-346 (ENV)(SMG)
TIMOTHY F. GEITHNER, Secretary, Department of :
the Treasury  :
 :
                Defendant.  :
------------------------------------------------------------- x

VITALIANO, D.J.

       Plaintiff Jack Israel brings this action against defendant Geithner, Secretary of the United States Department of Treasury,[1] under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., alleging that he was denied a promotion on account of his age. Defendant moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is denied.

## Background

       The following facts are drawn from Israel's amended complaint ("Compl.") as well as the administrative record developed in connection with the Equal Employment Opportunity Commission's ("EEOC") adjudication of plaintiff's charge of discrimination.[2] All reasonable inferences are drawn in favor of plaintiff. *See Gorman v. Consol. Edison Corp.*, 488

---

[1] Jack Lew was confirmed on February 27, 2013 to serve as the Secretary of Treasury. Pursuant to Fed. R. Civ. P. 25(d), Lew is substituted for Timothy F. Geithner as the defendant in this action. The Clerk is directed to amend the caption to reflect this change.
[2] EEOC charges may be considered incorporated by reference if they are expressly referred to in the pleading. *Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006); *see also James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 307 (E.D.N.Y. 2012). Moreover, the court may take judicial notice of the agency's charges and determinations as they are are matters of public record. *Id.*

F.3d 586, 591–92 (2d Cir.2008).

In 2007, Israel was 55 years old and held a Grade 13 revenue agent position with the Internal Revenue Service ("IRS"). (Compl. ¶¶ 5-6). Having both attained minimum retirement age and achieved over 30 years of service with the IRS, he was eligible to retire. (Compl. ¶ 6). At the time, a Grade 14 Senior CEP Team Coordinator position became available in the office where Israel worked. (Compl. ¶¶ 6-7). Israel applied along with nine other candidates. (Merchant Decl., Ex. E. ¶ 28.) Following an empirical process, six, including Israel, were identified as best qualified. (Merchant Decl., Ex. E ¶ 50.) They ranged in age from 51 to 61. (Merchant Decl., Ex. E.) Ultimately, the position was awarded to John Doughty, who was three years younger than plaintiff and then ineligible to retire. (Compl. ¶ 16; Merchan Decl., Ex. D.)

Israel faults the selection process on two grounds. First, he alleges that Rosemary Sereti, the selecting official, manipulated the empirical data used to identify the best qualified applicants by improperly deducting a point from Israel's evaluation, as well as from those of two of the other five candidates.[3] (Merchant Decl., Ex. E ¶ 66.) Her purported interference resulted in Doughty being included on the list of eligible applicants by boosting his relative strength as a

---

[3] A ranking panel, which did not include Sereti, preliminarily reviewed all interested candidates' applications and assigned each candidate a number of points based on his direct manager's evaluations and the content of his application package. (Merchant Decl., Ex. E ¶¶ 13, 19, 23.) Up to three points were subsequently added for awards each candidate had received prior to the announcement of the position. (Merchant Decl., Ex. E ¶¶ 44.) Although Doughty and Israel were both among the six candidates tied for the highest score, one point was subsequently deducted from Doughty and a second candidate, because one of each of their awards postdated the job announcement. (Merchant Decl., Ex. E ¶ 50.) As a result, Doughty no longer qualified as a "best qualified candidate" and fell off the list of individuals Sereti could consider for the position. (Merchant Decl., Ex. E ¶ 65.) Upon learning of the situation, Sereti advocated deducting one point from each of the remaining candidates, which, in effect, restored Doughty's candidacy. *Id.* The changes were made, and Doughty was, of course, included on the final list. (Merchant Decl., Ex. E ¶ 66.)

2

candidate. (Compl. ¶ 14.) Second, plaintiff claims that the selecting official told George Greenberg, plaintiff's union representative, that she would not promote Israel because he "was ready to retire," and she wanted a candidate who would fill the position "on a consistent basis for years to come."[4] (Merchant Decl., Ex. E ¶ 95.) Greenberg informed Sereti that he had no reason to believe that Israel actually planned to retire in the near future. (Merchant Dec., Ex. E ¶¶ 95-96.) Significantly, the record properly before the Court does not reflect that Sereti ever reached out to Israel to confirm her assumption or that it was based on anything other than Israel's eligibility to retire. However, when Greenberg relayed his conversation with Sereti to Israel, plaintiff confirmed that he was not ready to retire. (Merchant Decl., Ex. E ¶ 95.) He continued to work for the IRS for at least four and half years, at which point he filed the instant complaint.

Prior to initiating his case in this Court, plaintiff engaged in an extensive administrative process, including an effort to informally resolve his grievance with the assistance of an EEOC counselor. (Merchant Decl., Ex. B at 13-27.) When that effort failed, he filed a formal charge with the EEOC's Office of Federal Operations. (Merchant Decl., Ex. B at 9-12.) On October 19, 2011, following a hearing before an administrative law judge, EEOC issued a final ruling dismissing Israel's charge. (Merchant Decl., Exs. E, F, G.) Plaintiff filed this action on January 25, 2012.

## Standard of Review

To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

---

[4] Sereti allegedly similarly dismissed the candidacy of a second eligible applicant, Alan Seinfeld, questioning why he would seek a promotion when he was about to retire. (Merchant Decl., Ex. E at 16.) Unlike Israel, however, Seinfeld had already put in his retirement papers.

3

1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A plaintiff must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.

A court must presume the truth of all factual allegations in the complaint for purposes of Rule 12(b)(6), but the court is not bound to accept the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Indeed, it is the factual allegations that are paramount, as "a complaint need not pin plaintiff's claim for relief to a precise legal theory," nor does it need to provide "an exposition of his legal argument." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). In analyzing well-pled facts, a court will draw all reasonable inferences in favor of plaintiff. *See Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007).

## Discussion

The ADEA establishes that it is "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Second Circuit has routinely analyzed ADEA claims, on summary review, using the burden-shifting framework for Title VII claims established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973). *See, e.g., Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010); *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 91 (2d Cir. 2001); *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001). Under this analysis, the plaintiff must make out a *prima facie* case that (1) he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced

adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski*, 596 F.3d at 107 (citing *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)). This schema for analysis offers helpful insight concerning pleading plausibility.

But insight only. Unlike at the summary judgment stage of litigation, on a motion to dismiss, a plaintiff need not "allege specific facts establishing a *prima facie* case of discrimination." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement)); *see also, Hitchins v. New York City Dep't of Educ.*, 2013 WL 1290981 at *3 (E.D.N.Y. 2013); *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F.Supp.2d 228, 236 (E.D.N.Y. 2011). Rather, a plaintiff overcomes a Rule 12(b)(6) challenge by showing that he has pleaded a claim that is "facially plausible" and that "give[s] fair notice to the defendants of the basis for the claim." *Barbosa*, 716 F. Supp. 2d at 215; *see also Peterson v. Long Island R.R. Co.*, 2010 WL 2671717 at *4 (E.D.N.Y. 2010) (plaintiff is "not required to plead each element of disparate treatment, but rather must plead a facially plausible claim with sufficient facts to give the defendant fair notice . . . of what the claim is and the grounds upon which it rests"). A plaintiff will survive a motion to dismiss if his pleadings give plausible notice that a *prima facie* case exists, even if it does not plead sufficient facts to establish a *prima facie* case there and then.

The key battle on this motion centers on allegations that correlate to the fourth element of the *McDonnell Douglas prima facie* case: has plaintiff pleaded sufficiently notice of circumstances likely to give rise to an inference of discrimination? Israel pins his hope to Sereti's alleged comment to Greenberg that she would not promote him, because he "was ready

5

to retire, and she was not going to pick someone that's ready to retire." (Merchant Decl., Ex. E ¶ 95.) In so doing, Israel charts a tenuous course that depends entirely on what Sereti meant by "ready to retire." *Id.* If Sereti merely intended to distinguish between those applicants who were and were not immediately eligible to retire, her comment would not support an inference of discrimination. The ADEA does not prohibit adverse employment decisions based on any reasonable factor other than age, even if such a factor is correlated with age: for example, retirement eligibility or pension status.[5] *See* 29 U.S.C. § 623(f)(1); *Hazen Paper*, 507 U.S. at 610; *Criley v. Delta Air Lines, Inc.*, 119 F.3d 102 (2d Cir. 1997).

A lawful inference, however, is not the only reasonable inference that may be drawn from what is alleged by Israel in the pleadings before the Court. For instance, Sereti, it might be inferred, intended to convey to Greenberg that she would not promote Israel because she assumed on the basis of his age that Israel intended to retire imminently. In that case, Sereti's decision would have been driven by her *assumption* about Israel's desire not to continue working, rather than her knowledge of an act or statement by Israel that he was about to retire. While the Second Circuit has held that the latter is "germane to the joint interests of the employee and the [c]ompany in filling a key position," the former has no place in an employment decision. *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (1997); *Fried v. LVI Servs., Inc.*, 500 Fed. Appx. 39, 41 (2d Cir. 2012) (holding remark implying an older employee should not expect to work much longer reflected discriminatory bias); *cf. Lightfoot v. Union Carbide Corp.*,

---

[5] Of course, an "employer cannot rely on age as a proxy for an employee's remaining characteristics," which might otherwise justify an adverse employment action as nondiscriminatory. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993). Even if further discovery should reveal that Sereti referred only to Israel's eligibility to retire, not to his intention to retire, Israel would have an opportunity, based on any favorable facts revealed in discovery, to argue, in the burden shifting regime of summary judgment, that retirement eligibility status was nothing more than a proxy for age. *See Mitchell-White v. Northwest Airlines, Inc.*, 446 Fed. Appx. 316 (2d Cir. 2011).

110 F.3d 898, 913 (2d Cir. 1997) (finding direct evidence of discrimination where employer expressed "surprise and disbelief" at plaintiff's desire to work until age 70). Moreover, a remark demonstrating that a decision-maker was motivated by such an assumption is probative of discrimination. *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 116 (2d Cir. 2007) ("The relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class.").

As it stands, the record does not permit the Court to determine precisely what Sereti meant by the pleaded "ready to retire" comment; nor does a Rule 12(b)(6) motion call upon it to do so. The excerpt of Greenberg's deposition included in the EEOC administrative order shows only that Greenberg challenged her statement, asserting that he had "no knowledge that Mr. Israel was leaving." The record does not reveal any reply by Sereti. The instant motion provides no platform to speculate as to what further discovery will reveal. What is salient is that the Court must draw all reasonable inferences in plaintiff's favor. Enjoined with that task, the Court concludes that Israel has plausibly pleaded that Sereti assumed, on the basis of his age, he intended to retire presently and decided against considering him for the available promotion on the basis of that belief. Whether such an inference survives summary judgment is a matter for another day.

More to the point, soaked in an essential age consideration, the pleading of Sereti's statement alone supports a finding on this motion that Israel has pled that he has suffered from an adverse employment action taken under circumstances likely to give rise to an inference of discrimination. Specifically, plaintiff has plausibly pleaded that Sereti's comment evidenced age-based discrimination by the decision-making official during the course of the selection

7

process.[6] These inferences, reasonable and favorable to plaintiff, are the ones the Court must draw at the Rule 12 stage, and, since the complaint gives bountiful notice of the plausibly pled claim they support, the complaint survives defendant's motion to dismiss it.[7]

## Conclusion

For the forgoing reasons, defendant's Rule 12(b)(6) motion to dismiss the complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
       July 30, 2013

                                             s/Eric N. Vitaliano
                                             _____
                                             ERIC N. VITALIANO
                                             United States District Judge

---

[6] It is reasonable to infer that Sereti's comment expressed a stereotypical bias against older workers that drove the adverse action.

[7] The three year age difference between Israel and Doughty, who ultimately was chosen to fill the position Israel sought, does not make the pleading implausible. "[D]iscrimination against one employee cannot be cured, or disproven, solely by favorable, or equitable, treatment of other employees of the same [age]." *Brown v. Henderson*, 257 F.3d 246 (2d Cir. 2001). As a result, "a plaintiff is not required to show that he was replaced by someone outside of his protected class so long as he has presented some other evidence that gives rise to an inference of discrimination." *Morris v. New York City Dep't of Sanitation*, 2003 WL 1739009 at *5 (S.D.N.Y. 2003) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996)).